# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Gregory Martakos,<br>　　Plaintiff<br>v.<br><br>Town of Hooksett, New Hampshire,<br>Town of Hooksett, New Hampshire Police Commission<br>And<br>Stephen Agrafiotis, Police Chief<br>　　Defendants | Civil Case No.:<br>1:10-cv-00376-JL |

## PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to protect adequately material entitled to be kept confidential, to insure that protection is afforded only to material so entitled, and to protect confidential employee information, pursuant to this Court's authority, and with the consent of the parties:

**IT IS HEREBY ODERED THAT:**

　　1.　　Any matter produced in the above action ("the litigation") by any party or non-party witness may be designated as "Confidential " (also referred to as "confidential information") including any documents produced or exchanged in the course of the litigation pursuant to any pre-trial discovery requests, and shall be used solely for the purposes of the litigation. The term "producing party" means any party or non-party witness who produces documents designated Confidential. "Confidential" means documents, testimony or information designated and marked "CONFIDENTIAL" in good faith by the producing party, and may include: trade secrets; business plans; product or service plans; prices and costs; financial statements; customer information; vendor information; medical information; and other analogous highly sensitive information.  Any party may designate as "confidential" any documents which were produced prior to the parties entering into this agreement.

2,   Any information designated as Confidential and marked "CONFIDENTIAL" shall only be used for purposes of the litigation and shall not be revealed, disclosed or made available for inspection and copying to any person or entity whatsoever, except for:

   A.   Counsel of record herein on behalf of a party to the litigation and employees or agents of such counsel who have direct responsibility for assisting such counsel in the preparations, trial or appeal of the litigation;

   B.   Parties or employees or agents of a party who have direct responsibility for assisting such counsel in the preparation, trial or appeal of the litigation;

   C.   Outside consultants and experts and their employees or agents retained by such counselor to a party to this action for the purpose of assisting in the preparation, trial or appeal of the litigation;

   D.   Witnesses in this proceeding, but only to the extent necessary for those witnesses' testimony;

   E.   Stenographers, court reporters and court personnel to the extent necessary to conduct depositions, hearings, or trial; or

   F.   As required to be disclosed to a party by law or to any person designated by the Court in the interest of justice upon such terms as the Court may deem proper.

3.   Confidential information as used herein includes any type or classification of information which is designated as such by the producing party, whether it be a document, information contained in a document, electronic information, information revealed during a deposition, information revealed in an interrogatory, interrogatory answer, or otherwise. In designating information as confidential information, the producing party shall make such designation only as to that information which the producing party in good faith believes constitutes such category. Confidential information shall not include any information that is in the public domain.

2
3

4. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by a party for the purposes of the litigation, or any non-party witness, may be designated by that party as confidential information by indicating on the record at the deposition that the specified part of the testimony and/or any document or thing marked for identification is confidential information and is subject to the provisions of this Order. Each deposition transcript shall be treated as confidential in its entirety for a period of thirty days after the entry of this Order or the receipt of the transcripts by attorneys for each of the parties, whichever occurs later; provided, further, that such confidentiality shall extend to any person in attendance at the taking of the testimony. The producing party may also designate confidential information by notifying, in writing, all parties and witnesses at the deposition, within thirty days after the entry of this Order or the receipt of the transcript by attorneys for the party, whichever occurs later, of the specific pages and lines of the transcript which contain information so designated. Each producing party shall cause a copy of such written statement to be attached to the face of the original transcript and each copy thereon in his possession, custody or control.

5. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as confidential information consents to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure.

6. Any non-party witness to whom such confidential documents in whole or in any form and the information therein contained is disclosed, shall be given a copy of this Order, shall be advised that he or she is subject to its provision and shall acknowledge by execution of the Agreement Form attached as <u>Exhibit A</u> that she or he has read, understood and is subject to the provisions of this Order and that he or she will not disclose such confidential documents in whole or in part or in any form and the information therein contained to any other natural person, corporation, firm, governmental agency or association whatsoever. The form shall also contain a recital that the signatory understands that the unauthorized disclosures of stamped confidential documents constitutes contempt of Court and that the signatory consents to the exercise of personal jurisdiction by this Court.

7. Nothing in this Order shall preclude use or disclosure of documents designated as Confidential Information in whole or in part or in any form and the information therein contained to a non-party witness in preparation for, or during, any deposition, or other pre-trial proceeding, provided that: (a) such witness is given a copy of this Order, is advised that he or she is subject to its terms and conditions and acknowledges that he or she has read, understood and is subject to the terms and conditions of this Order and will not disclose such documents and information derived therefrom to any other natural person, corporation, partnership, firm, governmental agency or association whatsoever; (b) use of such confidential documents in whole or in party or in any form and the information therein contained at an evidentiary hearing or at trial shall be determined by the procedure described in this Court's pre-trial order or pre-evidentiary hearing order, or as the parties otherwise may agree.

8. A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to the litigation disagrees at any stage of the proceedings with the designation by the producing party of the confidential information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may apply to this Court for a ruling that a document stamped as confidential information is not entitled to such status and protection. A party or other person that designated the document confidential information shall be given notice of the application and the opportunity to respond. The party asserting confidentiality of any document shall bear the burden of proving that the document or information should be treated as confidential and, to the extent necessary, that inquiry shall be determined by New Hampshire law.

9. Insofar as provisions of this Protective Order restrict the use or communication of any document or information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or further order of this Court with respect to dissolution or modification of the Protective Order.

10. This Protective Order shall not be construed as a waiver by the parties of any objection that might be raised to the admissibility of any evidentiary material. This Order shall be without prejudice to the rights of any party to oppose production of any information for lack of relevance or for any other ground. This Protective Order shall not constitute an admission or acknowledgment that any information designated as confidential information is in fact confidential information.

11. Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

12. This Order is without prejudice to the right of any party to present Confidential information at any trial of this matter, and this Order is without prejudice to the right of any party to seek a protective order concerning the use of Confidential information at any trial of this matter.

13. By conducting the litigation under the terms of this Order, the parties do not waive, and expressly retain the right to assert in this proceeding, or in any administrative investigation or other investigation or lawsuit, the application of any common law or statutory privileges or any theory or immunity from disclosure of the confidential documents in whole or in party or in any form, the information therein contained and any other confidential information.

Respectfully submitted,

**GREGORY MARTAKOS**

By His Attorneys,
BACKUS, MEYER & BRANCH, LLP

Dated: January 24, 2013      BY:      /s/ Jon Meyer
                                      Jon Meyer, Esq.
                                      NH Bar # 1744
                                      116 Lowell Street, P.O. Box 516
                                      Manchester, NH 03105-0516
                                      (603) 668-7272
                                      jmeyer@backusmeyer.com

**AND**

**TOWN OF HOOKSETT POLICE COMMISSION**

By Its Attorneys
RANSMEIER & SPELLMAN, P.A.

Dated: January 24, 2013      BY:     /s/ Daniel J. Mullen
                                                       Daniel J. Mullen, Esq.
                                                       NH Bar # 1830
                                                       One Capitol Street, P. O. Box 600
                                                       Concord, NH 03302-0600
                                                       dmullen@ranspell.com

**AND**

**STEPHEN AGRAFIOTIS**

By His Attorneys
GALLAGHER, CALLAHAN & GARTRELL, PC

Dated: January 24, 2013      BY:     /s/ Charles P. Bauer
                                                       Charles P. Bauer, Esq.
                                                       NH Bar # 208
                                                       214 N. Main Street
                                                       PO Box 1415
                                                       Concord, NH 03302-1415
                                                       bauer@gcglaw.com

**SO ORDERED:**

January 25, 2013                               _/s/ Joe Laplante_
                                                         Presiding Judge

## Exhibit A

### Confidentiality Agreement

The undersigned hereby acknowledges that he/she has read the foregoing Protective Order dated by the parties January 24, 2013 ("Protective Order"), and entered by the Court in the litigation entitled <u>Gregory Martakos v. Town of Hooksett, NH, Hooksett Police Commission and Stephen Agrafiotis, Civil Case No.:  1:10-cv-00376-JL,</u> and that she/he understands the terms thereof, and agrees, upon threat of penalty of contempt to be bound by such terms. Accordingly, the undersigned shall only share information which has been designated as Confidential Information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned understands that the pledge of confidentiality under this Agreement continues to exist after the pendency of said lawsuit.

Date:_____

_____Signed:_____Name:
  (Please Print)